Donnie R. Cox, SBN 137950
Law Office of Donnie R. Cox
402 North Nevada Street
Oceanside, CA 92054-2025
Telephone (760) 400-0263
Facsimile (760) 400-0269
drc@drcoxlaw.com

Paul W. Leehey, SBN 92009
Law Office of Paul W. Leehey
210 East Fig Street, Suite 101
Fallbrook, CA 92028
Telephone (760) 723-0711
Facsimile (760) 723-6511
law@leehey.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.G., a Minor, J.G., a Minor, and C.G., a Minor, by and through their Guardian Ad Litem, Dolores Garcia, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF ORANGE, and Does 1 through 50 Inclusive, <br><br> Defendants. | **Case No.** <br><br> **COMPLAINT FOR DAMAGES** (**42 USC §1983/*MONELL)*** <br><br> JURY TRIAL REQUESTED |

1

**Jurisdiction and Venue**

1.      This action is brought pursuant to 42 U.S.C. §1983 to seek redress for Defendants' actions taken under color of law. Defendants' conduct deprived Plaintiffs of their fundamental constitutional rights secured to them under the United States Constitution, including the Fourth and Fourteenth Amendments, and under federal and applicable state law protected thereby.

2.      Jurisdiction is conferred by 28 U.S.C. §§ 1343(a)(d) and 1343(a)(4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. §1983. Jurisdiction is also conferred by 28 U.S.C. §1331 because the claims for relief derive from the United States Constitution and the laws of the United States.

3.      The acts and omissions complained of herein occurred in the County of Orange, and it is believed that all living parties resided in the County of Orange within the Central District of California at the time of the occurrences herein.

4.      Plaintiffs, individually, make the following allegations and claims upon personal belief, investigation of her counsel and on information and belief.

**The Parties**

5.      At all times relevant to this Complaint, Plaintiffs A.G., J.G. and C.G. (hereinafter "Plaintiffs'), were residents of Orange County, California. Application has been made to appoint DOLORES GARCIA as the Guardian Ad Litem for the minors, A.G., J.G. and C.G. in this action.

6.      At all times mentioned herein, the COUNTY OF ORANGE (hereinafter the "COUNTY").was and is a public entity organized and existing under the laws of the State of California

7.      At all times mentioned herein, ORANGE COUNTY SOCIAL SERVICES AGENCY (hereinafter the "S.S.A."), and ORANGE COUNTY CHILDREN AND FAMILY SERVICES (hereinafter "CFS") were and are subdivisions or entities of the COUNTY.

Case 8:18-cv-01181-JVS-JDE    Document 1    Filed 07/05/18    Page 3 of 11   Page ID #:3

8.     At all times mentioned herein, the ORANGE COUNTY HEALTH CARE AGENCY (hereinafter collectively "HCA"), and its JUVENILE HEALTH SERVEICES (hereinafter collectively "JHS") were and are subdivisions or entities of the COUNTY and its SSA.

9.     At all times mentioned herein, the ORANGEWOOD CHILDREN'S HOME, aka ORANGEWOOD CHILDRENS AND FAMILY CENTER, and its First Start Facility (hereinafter collectively "ORANGEWOOD"), was and is a subdivision of or entity of the COUNTY.

10.     Plaintiffs are ignorant of the true names and capacities of those Defendants sued herein as Does 1 through 50, inclusive, and therefore sue them by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of said DOE Defendants when the same are ascertained or upon proof of the same at the time of trial. Each of the fictitiously named COUNTY Defendants was in some manner liable and legally responsible for the harms sustained by Plaintiffs in that their conduct caused the damages and injuries set forth herein.

11.     Plaintiffs are informed and believe and, based upon such information and belief allege, that each of the Defendants is responsible in some manner for the events and happenings referred to herein and was the legal cause of injury and damages to Plaintiffs as herein alleged.

12.     Plaintiffs are informed and believe and, based upon such information and belief allege, that at all times herein mentioned each and every Defendant was the agent and/or employee of their co-Defendants, and each of them, and acted at all relevant times herein under color of the authority of a governmental entity under the statutes, ordinances, regulations, customs and usage of the State of California and/or the United States Constitution and related laws.

13.     Whenever this Complaint makes reference to any act of Defendants, such allegations shall be deemed to mean all named Defendants, or their officers, agents, managers, representatives, employees, heirs, assignees, customers, tenants, who did or

3

authorized such acts while actively engaged in the operation, management direction or control of the affairs of Defendants (or any of them) and while acting within the course and scope of their duties, except as specifically alleged to the contrary.

14.     Defendants were the knowing agents and/or alter egos of one another. Defendants directed, ratified, and/or approved each other's conduct and that of each other's agents or employees. Defendants agreed upon, approved or ratified each other's conduct, or otherwise conspired together to commit all of the acts and/or omissions alleged herein.

### **COMMON ALLEGATIONS**

15.     Plaintiffs herein are A.G. (born 2004), J.G. (born 2009), and C.G. (born 2015).

16.     This action arises out of conduct that occurred during an investigation and proceedings of a juvenile dependency matter pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code initiated or conducted by Defendant COUNTY, through its subdivision S.S.A. and its CFS, regarding minors A.G., J.G., and C.G. and affecting their parents, including their Mother Monica Garcia.

17.     Beginning on or about October 27, 2015, COUNTY, its SSA, CFS, HCA and JHS, and its social workers, doctors, nurses, and others employed by, and/or acting as agents of, the COUNTY, conspired to and did deprive Plaintiffs of their rights and privileges under Federal law, and applicable state law supported therein.

18.     On or about October 27, 2015, Defendant COUNTY, through its SSA and CFS social workers and supervisors, obtained a court order to temporarily remove Plaintiffs from their parents. Said order did not authorize any medical procedures, including any medical procedures, including physical examinations, of Plaintiffs.

19.     In October of 2015, COUNTY, through SSA, CFS, HCA, and JHS, at its ORANGEWOOD facilities, conducted medical procedures, including examinations, of all children who were admitted to ORANGEWOOD pursuant to the COUNTY's policies, procedures, practices and/or customs.

20. On or about October 27, 2015, Plaintiffs A.G., J.G. and C.G. were taken from their parents to ORANGEWOOD by COUNTY SSA and CFS social workers. At this time, the minors were healthy, exhibited no signs of abuse, showed no signs of any type of injury, and were not in need of urgent medical attention. Moreover, there were no allegations that any of the minors were sexually abused.

21. Upon being taken to ORANGEWOOD, Plaintiffs were taken to a room with other children, ate dinner with other children, were told to shower and put on other clothes, and remained in the group room, and thereafter COUNTY, through its employees and agents, had them taken to ORANGEWOOD's medical facility where COUNTY agents and/or employees conducted medical procedures, including examinations, on A.G., J.G. and C.G. The medical procedures included health assessments and a full body inspection, including the children's genital and/or anal areas. The full extent and nature of the medical procedures is subject to further discovery as Plaintiffs' counsel's attempts to obtain records have not been fully complied with. The purpose of the medical procedures, including examinations, was not to treat or heal Plaintiffs, and the medical procedures, including examination, evaluation, and assessment were performed without cause, without parental knowledge or consent, without a warrant or court order authorizing the medical procedures, including examinations, of the specific child, and were conducted in the absence of exigent circumstances and/or any need for urgent medical attention. No one attempted to obtain a court order authorizing any medical procedures, including examinations, of any of the Plaintiffs.

22. Plaintiffs' parents were not notified of their children's medical procedures, including examinations. No one attempted to obtain Plaintiffs' parents' consent. Plaintiffs were completely excluded from their parents during the medical procedures, including examinations, and their parents were not allowed to be present or in the nearby vicinity. No attempt was made to obtain Plaintiffs' full medical and health history before the medical procedures, including examinations, occurred.

5

23.     These unwarranted medical procedures, including examinations, were performed pursuant to the COUNTY's policies, customs, and practices. Plaintiffs are informed the COUNTY performs medical procedures, including examinations, on every child that is first admitted to ORANGEWOOD. The COUNTY's policies and customs permit these medical procedures, including examinations, without parental notice or consent, without a court order regarding the specific child, and without a need for urgent medical attention or to preserve evidence. As a matter of policy and practice, the COUNTY does not inform parents of the medical procedures, including examinations, excludes parents from attending these medical procedures, including examinations, and does not allow parents to be present in the medical facility, much less the examination room when their child's medical procedures, including examinations, occur. Plaintiffs are informed that the subject medical procedures, including examinations, found no evidence of abuse of any kind and concluded that Plaintiffs appeared healthy and well.

24.     Plaintiffs are informed and believe the COUNTY, through its SSA, CFS, HCA and JHS, collaborated with doctors, nurses, medical providers and other who participate in conducting these unwarranted, non-consensual and non-emergent medical procedures, including examinations, of children at ORANGEWOOD, a COUNTY operated facility, without their parent's present, all of which constitutes a traditional government function performed as state actors.

## CLAIM FOR RELIEF - §1983/*MONELL*

25.     Plaintiffs reallege, and to the extent applicable, incorporate herein as if set forth in full, Paragraphs 1 through 24.

26.     The right to family association includes a parent's right to make important medical decision for their children, rather than the state (see *Wallis v. Spencer,* 202 F.3d 1126, 1141 (9th Cir. 2000)). That right includes controlling the nature and scope of any medical procedures, including examinations, that are conducted to their child.  Absent parental consent, court order, or exigent circumstances, medical procedures, including examinations, of a child, may not be undertaken at the behest of state officials. Children

6

also have a constitutional right to have their parent be present while they are receiving medical attention or to be in close proximity while all or in part of the medical procedures, including examination, are being conducted. The right of children to have their parents make medical decisions about their health and medical issues, and to have their parent be present during their medical procedures, including examinations, in the absence of a warrant, parental consent, or emergency, and with parental presence, was clearly established by at least 2000 and the COUNTY and DOES 1 through 50 would know such actions violated Plaintiffs' constitutional rights.

27.    On or about October 27, 2015, COUNTY, through its SSA, CFS, HCA and JHS, and their agents and employees, conducted medical procedures, including examinations, on Plaintiffs A.G., J.G. and C.G. without parental notice and/or knowledge, without parental consent, without court order specific to the child or the preservation of evidence, and in the absence of exigent circumstances and/or a need for urgent medical care. Plaintiffs' parents were completely excluded from attending these medical procedures, including examinations, and/or being in close proximity.

28.    At all relevant times, the COUNTY'S policy, procedure, practice and/or custom was to perform medical procedures, including examinations, on all children being admitted to and/or entering ORANGEWOOD – without court order, parental consent or notification, and/or exigency, and by excluding parents from their child's medical procedure, including examination.

29.    The COUNTY knew the Ninth Circuit Rulings in *Wallis v. Spencer,* 202 F.3d 1126 (2000) and *Greene v. Camreta*, 588 F.3d 1011 (9th Cir.2009), held that a parent had the right to make important medical decisions for their children, including the nature and scope of any medical procedures, including examinations, that are conducted to their child without unjustified governmental interference, and that children had the right to have their parents be present during their physical and medical examination and assessment; and that the medical procedures, including examinations, of children at ORANGEWOOD violated a family's (parents and children's) constitutional rights.

Despite this knowledge, the COUNTY failed to establish policies, procedures, practices and customs to protect those rights of parents and to allow parents to attend their child's medical procedures, including examination, at ORANGEWOOD.

30.    Furthermore, the COUNTY never investigates. counsels or disciplines its employees and/or agents for conducting or performing medical procedures, including examinations, of children at ORANGEWOOD – without consent, court order, exigency or parental presence, and did not do so as to the medical procedures, including examinations, of A.G., J.G. and C.G., which were conducted without a court order, parental consent or notification, exigency, and parental presence.

31.    Furthermore, the COUNTY failed to train its employees and agents on the constitutional rights of a parent and child, including, but not limited to:

        a.    A child's right to have his or her parent make important medical decisions for that child, which includes the nature and scope of any medical procedures, including examinations, that are conducted to the child;

        b.    That a court order specific to a child, parental consent, and/or exigency is required prior to performing medical procedures, including examinations, on a child outside the presence of his or her parent(s) and without parental consent; and

        c.    That a child is allowed to have his or her parents be present during any medical procedures, including examinations, or to be nearby if there is a proper reason to exclude them.

32.    The COUNTY's failure to train, supervise and/or discipline its employees and agents on these established constitutional protections was a substantial factor in causing Plaintiffs harm. Without adequate training and supervision, COUNTY social workers, employees and agents, and those acting in concert with them, were unfamiliar with and oblivious to Plaintiffs' constitutional rights, when they subjected A.G., J.G. and C.G. to the medical procedures, including examinations – without consent, court order, exigency, and/or without their parents' presence.

33.    The COUNTY knew or should have known that children could not be subjected to medical procedures, including examinations, at ORANGEWOOD – without consent, court order, exigency, and/or without their parents' presence. But, the COUNTY knowingly refrained from (1) revising its medical procedures, including as to examination and assessments, policies, procedures, practices and/or customs; (2) training its agents on the subject; and (3) disciplining (or counseling) its employees and agents.

34.    At all relevant times herein, Defendant COUNTY established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies") which policies were the cause of violation of Plaintiffs' Constitutional rights granted to them pursuant to 42 U.S.C. § 1983, as well as the case of *Monell v. New York City Department of Social Services* 436 U.S. 658 (1978), including those under the Fourth Amendment, as well as the Fourteenth Amendment to the United States Constitution as to their procedural and substantive due process rights, and including the right from interference with family relations, by the policy of conducting medical procedures, including examinations, of minor children, without judicial order, exigent circumstances, or consent of a  custodial parent, and the policy of not notifying and prohibiting parents from being present during medical procedures, including examinations, assessments and/or treatment of their child.

35.    Defendant COUNTY, and its SSA, CFS, HCA, and JHS, as well as ORANGEWOOD as an agency of the COUNTY, had a duty to Plaintiffs at all times:  to establish, implement and follow policies, procedures, customs and/or practices which conform to and provide for the protections guaranteed them under the United States Constitution, including the Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all agents, officers and employees in their employ, including within ORANGEWOOD; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs so as to not cause them the injuries and damages alleged herein.

9

36.    Defendant County breached its duties and obligations to Plaintiffs by, including but not limited to: failing to establish, implement and follow the correct and proper Constitutional policies, procedures, customs and practices; by failing to properly select, supervise, train, control, and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting ORANGEWOOD personnel to engage in the unlawful and unconstitutional medical procedures, including examinations and health assessments, as herein alleged.

37.    Defendant COUNTY knew, or should have known, that by breaching the aforesaid duties and obligations, it was foreseeable that it would, and did, cause Plaintiffs to be injured and damaged by its wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and its legal duties and obligations to Plaintiffs.

38.    The aforesaid actions, and /or inactions, of the COUNTY were the moving force behind the Plaintiffs' injuries, as alleged herein; and as a result, Plaintiffs have sustained general and special damages, including emotional distress, anxiety, fear, loss of control, violation of constitutional rights (including the right of privacy) and related rights, in an amount to be proven at trial.

39.    These actions, or inactions, of Defendant COUNTY and its agents, are the legal cause of injuries to Plaintiffs as alleged herein; and as a result thereof, Plaintiffs have sustained general and special damages, as well as incurring attorney's fees, costs and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

### Jury Trial Demand

Plaintiffs demand a jury trial for their Claims for Relief set forth above.

### Prayer for Relief

WHEREFORE, Plaintiffs pray for judgment against Defendants, as follows:

1.    General damages and special damages according to proof;

10

2.     Attorney's fees, costs and expenses pursuant to 42 U.S.C. §1988, and any other appropriate statute;

3.     Costs of suit incurred herein;

4.     For Injunctive Relief as to *Monell* claims;

5.     For a Jury Trial on all issues; and

6.     Such further relief as the Court deems just and proper.


DATED:  July 5, 2018        LAW OFFICE OF PAUL W. LEEHEY


                        *s/Paul W. Leehey*
                    PAUL W. LEEHEY, Attorney for Plaintiffs A.G. a Minor, J.G., a Minor and C.G., a Minor, by and through their Guardian Ad Litem, Dolores Garcia